1  MANATT, PHELPS & PHILLIPS, LLP
2  SCHUYLER G. CARROLL (Admitted pro hac vice)
   SCarroll@manatt.com
3  7 Times Square New York, NY 10036
   Tel: (212) 790-4500
4
5  JACOB E. ITZKOWITZ (SBN 304728)
   JItzkowitz@manatt.com
6  2049 Century Park East, Ste. 1700
   Los Angeles, CA 90067
7  Tel: (310) 312-4291

8  ASK LLP
   KARA E. CASTEEL (Admitted *pro hac vice*)
9  kcasteel@asklllp.com
   GARY D. UNDERDAHL (Admitted *pro hac vice*)
10 gunderdahl@askllp.com
   ASK LLP, 2600 Eagan Woods Drive
11 Suite 400, St. Paul, MN  55121
   Tel: (651) 406-9665 / Fax: (651) 406-9676
12
13 Counsel to PETER HURWITZ, Liquidating Trustee

14            **UNITED STATES BANKRUPTCY COURT**
15  **CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

16 ☐ ITTELLA INTERNATIONAL LLC, a          Lead Case No. 2:23-bk-14154-WB
     California limited liability company;.
17 ☐ ITTELLA'S CHEF, LLC, a California limited   Jointly administered with Case Nos.:
     lability company;                       2:23-bk-14161-WB; 2:23-bk-14159 WB;
18 ☐ TATTOOED CHEF, INC., a Delaware        2:23-bk-14157-WB; 2:23-bk-14156-WB;
     corporation;                            2- 23-bk-14158-WB; 2:23-bk-14155-WB;
19 ☐ MYJOJO, INC., a Delaware corporation;  and 2:23- bk-14160-WB
20 ☐ NEW MEXICO FOOD DISTRIBUTORS,
     INC., a New Mexico corporation;         Chapter 11 Cases
21 ☐ KARSTEN TORTILLA FACTORY, LLC, a
     New Mexico limited liability company;   Hon. Julia W. Brand
22 ☐ BCI ACQUISITION, INC., a Delaware
     corporation;                            Adversary No. _____.
23 ☐ TTCF-NM HOLDINGS INC., a New Mexico
     corporation,
24 ☒ All Debtors
25
           Debtors and Debtors-in-Possession.   **COMPLAINT TO AVOID AND
26 ─────────────────────────────────────────    RECOVER TRANSFERS PURSUANT
   Peter Hurwitz, as Liquidating Trustee of the Ittella   TO 11 U.S.C. §§ 547, 548, 549, AND 550
27 Liquidating Trust,                          AND TO DISALLOW CLAIMS
                                               PURSUANT TO 11 U.S.C. § 502**
28           Plaintiff,

- 1 -

1

v.

2

Arakelian Enterprises, Inc. dba Athens Services,

3

    Defendant.

4

    Peter Hurwitz, as Liquidating Trustee (the "Plaintiff" or "Trustee") of the Ittella Liquidating

5

Trust (the "Trust"), by and through his undersigned counsel, files this complaint (the "Complaint") to

6

7

avoid and recover preferential transfers against Arakelian Enterprises, Inc. dba Athens Services (the

8

"Defendant") and to disallow any claims held by Defendant. In support of this Complaint, Plaintiff

9

alleges upon information and belief that:

10

**JURISDICTION AND VENUE**

11

    1.    The United States Bankruptcy Court for the Central District of California (the "Court")

12

has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b). The

13

14

underlying bankruptcy case is captioned *In re Ittella International LLC, et al.*, Case No. 2:23-bk-14154-

15

WB.

16

    2.    This adversary proceeding is a "core" proceeding to be heard and determined by the

17

Court pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter final orders for matters contained

18

herein. Plaintiff consents to entry of final orders and judgment by the Court.

19

    3.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

20

    4.    The statutory and legal predicates for the relief sought herein are sections 502, 547, 548,

21

22

549, and 550 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code")[1] and Rules

23

3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

24

25

26

27

28

---

[1] All references to "§" herein are to sections of the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* unless otherwise noted.

## **PROCEDURAL BACKGROUND**

5.      On July 2, 2023 (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition for relief under the Bankruptcy Code. On July 3, 2023, the Court entered an order authorizing the joint administration of the chapter 11 cases for procedural purposes pursuant to Bankruptcy Rule 1015(b).[2]

6.      On May 9, 2024, the Court entered an order (the "<u>Confirmation Order</u>")[3] confirming the *Debtors' First Amended Joint Chapter 11 Liquidating Plan (as Modified) Dated February 21, 2024* (as may be modified, supplemented, and/or amended from time to time, the "<u>Plan</u>")[4] and all Plan supplements, including the Liquidating Trust Agreement.[5]

7.      The effective date of the Plan (the "<u>Effective Date</u>") occurred on May 24, 2024.[6] [D.I. 521]. In accordance with the Plan and Confirmation Order, the Trust was established as of the Effective Date of the Plan, and the Debtors and the Trustee entered into that certain Liquidating Trust Agreement.

8.      Pursuant to paragraph 3 of the Confirmation Order and Section 3.B of the Plan, the Estate Causes of Action (as defined in the Plan) were transferred to the Trust.

9.      Pursuant to Section 3.C.3 of the *First Amended Disclosure Statement Describing Debtors' First Amended Joint Chapter 11 Liquidating Plan Dated February 21, 2024* (the "<u>Disclosure Statement</u>")[7] and Section 2.C.2 of the Plan, General Unsecured Claims comprise an impaired class of creditors that are not expected to be paid in full.

---

[2] D.I. 24. All docket items referenced are from Case No. 2: 23-bk-14154-WB, under which the Debtors' bankruptcy cases are jointly administered.
[3] D.I. 965.
[4] D.I. 892 (with modifications denoted in D.I. 947).
[5] D.I. 849-2.
[6] D.I. 1007.
[7] D.I. 849.

**THE PARTIES**

10.    Pursuant to the Plan, Confirmation Order, and Liquidating Trust Agreement, Plaintiff was appointed as the Trustee and is authorized and has standing, among other things, to prosecute and settle Avoidance Actions, including this avoidance action.

11.    Upon information and belief, Defendant was, at all relevant times, a vendor or creditor that provided provided waste collection and recycling services to or for the Debtors. Upon further information and belief, at all relevant times, Defendant's principal place of business is located at 14048 E. Valley Road, City of Industry, California 91746. Plaintiff is informed and believes and on that basis alleges that Defendant is a corporation residing in and subject to the laws of the State of California.

**FACTUAL BACKGROUND**

12.    As more fully discussed in the Disclosure Statement, the Debtors supplied plant-based frozen food products to leading retailers in the United States. The Debtors' signature products included ready-to-cook products under the "Tattooed Chef™" brand, which were sold in the frozen food section of retail stores. As of December 2022, the Debtors' products were sold in approximately 21,000 retail outlets in the United States.

13.    Prior to the Petition Date the Debtors, as plant-based frozen food supplier, maintained business relationships with various business entities, through which the Debtors regularly purchased, sold, received, and/or delivered goods and services.

14.    The Debtors' financial difficulties that led to the decision to file petitions for bankruptcy are attributable to a combination of factors, all of which placed significant stress on the Debtors' liquidity position in the months leading up to the Petition Date. A summary of the Debtors' prepetition operations, debt structure, and factors that led to the Bankruptcy Case are set forth in Sections II.A and II.C of the Disclosure Statement and are incorporated herein by reference.

15.     As of the Petition Date, the Debtors utilized and maintained a cash management system (the "Cash Management System") for the collection, concentration, management, and disbursement of funds in their business.[8] As of the Petition Date, the Cash Management System consisted of nine bank accounts held at UMB Bank ("UMB"), Bank of America, JPMorgan Chase Bank ("JPM"), and New Mexico Bank & Trust ("NMB&T").

16.     Among these bank accounts, the Debtors made disbursements to vendors from accounts ending 0749 and 9714 at UMB, 3551 and 3825 at JPM, and 1882 and 6075 at NMB&T (collectively, the "Disbursement Accounts").

17.     The Debtors drew upon the Disbursement accounts to pay for their operational costs, including payment to their vendors, suppliers, distributors, and other creditors, including Defendant.

18.     During the ninety (90) days before and including the Petition Date, that is between April 3, 2023 and July 2, 2023 (the "Preference Period"), the Debtors continued to operate their business, including the transfer of money, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise to various entities.

19.     Upon information and belief, during the course of their relationship, the Defendant and one or more of the Debtors entered into agreements for the purchase of goods and/or services by Debtors from the Defendant, which are evidenced by one or more contracts, purchase orders, invoices, communications and other documents (collectively, the "Agreements"). Upon further information and belief, the Agreements concerned and related to the goods and/or services provided by Defendant to one or more of the Debtors as described in the "Parties" section of this Complaint. The payments to the Defendant in respect of the Agreements during the Preference Period are set forth on the Statement of

---

[8] *See Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Continue to (A) Utilize Their Existing Cash Management System and (B) Maintain Their Existing Bank Accounts; and (II) Granting Related Relief; Memorandum of Points and Authorities* (the "Cash Management Motion"), incorporated herein by reference. [D.I. 7].

Account, which is attached hereto and incorporated by reference as <u>Exhibit A</u>. Such details include "Invoice Number," "Invoice Date," and "Invoice Amount."

20.     One or more of the Debtors made transfer(s) of an interest of the Debtors' property to or for the benefit of Defendant during the Preference Period through payments aggregating to an amount not less than $30,107.52 (the "<u>Transfer</u>" or "<u>Transfers</u>"). The details of each Transfer are set forth on <u>Exhibit A</u> attached hereto and incorporated by reference. Such details include "Transfer Number," "Transfer Amount," "Clear Date," and "Debtor Transferor(s)."

21.     Plaintiff is seeking to avoid all of the transfers of an interest of the Debtors' property made by the applicable Debtor(s) to Defendant within the Preference Period.

22.     On or about June 27, 2024, Plaintiff, through counsel, sent a demand letter (the "<u>Demand Letter</u>") to Defendant, seeking a return of the Transfer(s). The Demand Letter indicated the potential statutory defenses available to Defendant pursuant to section 547(c) of the Bankruptcy Code and requested that if Defendant had evidence to support any affirmative defenses, it provide this evidence so Plaintiff could review the same.

23.     Plaintiff also performed Plaintiff's own due diligence evaluation of the reasonably knowable affirmative defenses available to Defendant. As part of Plaintiff's due diligence, Plaintiff reviewed the books and records in Plaintiff's possession and identified that Defendant potentially has $17,805.81 in invoices qualifying for the subsequent new value defense under section 547(c)(4) of the Bankruptcy Code. However, the subsequent new value defense is an affirmative defense, for which Defendant bears the burden of proof under section 547(g). The potential new value is based on the invoice date in the Debtors' books and records. As the dates for new value are often based on the shipping dates for goods and the actual dates of service for services, this new value amount is subject to adjustment. Accordingly, Plaintiff puts Defendant to its burden of proof to establish it is entitled to this new value amount.

24.     Based upon Plaintiff's review of the information, if any, provided by Defendant prior to filing this Complaint, and after performing Plaintiff's own due diligence evaluation of the reasonably knowable affirmative defenses to avoidance of the Transfer(s), Plaintiff has determined that Plaintiff may avoid some or all of the Transfers even after taking into account Defendant's alleged affirmative defenses.

25.     During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all preferential transfers of property made by the Debtors to or for the benefit of Defendant or any other transferee. Plaintiff reserves its right to amend this original Complaint to include: (i) further information regarding the Transfer(s), (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action, if applicable (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## CLAIMS FOR RELIEF

### COUNT I
**(Avoidance of Preference Period Transfers– 11 U.S.C. § 547)**

26.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this First Claim for Relief.

27.     As more particularly described on Exhibit A attached hereto and incorporated herein, during the Preference Period, the Debtor(s) identified on Exhibit A made Transfers to or for the benefit of Defendant in an aggregate amount not less than $30,107.52.

28.     Each Transfer was made from the Disbursement Accounts described *supra,* and constituted transfers of an interest in property of the transferring Debtor(s) as identified on Exhibit A.

29.    Defendant was a creditor at the time of each Transfer by virtue of supplying the Debtor(s) identified on <u>Exhibit A</u> the goods and/or services identified in this Complaint and in the Agreements, as more fully set forth on <u>Exhibit A</u> hereto, for which the Debtor(s) identified on <u>Exhibit A</u> were obligated to pay following delivery in accordance with the Agreements.

30.    Each Transfer was to or for the benefit of a creditor within the meaning of Section 547(b)(1) of the Bankruptcy Code because each Transfer either reduced or fully satisfied a debt or debts then owed by the Debtor(s) identified on <u>Exhibit A</u> to Defendant.

31.    Each Transfer was made for, or on account of, an antecedent debt or debts owed by the Debtor(s) identified on <u>Exhibit A</u> to Defendant before such Transfers were made, as asserted by Defendant and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by the transferring Debtor(s) as set forth on <u>Exhibit A</u> hereto.

32.    Each Transfer was made while the Debtors were insolvent. Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to Section 547(f) of the Bankruptcy Code.

33.    Each Transfer was made during the Preference Period, as set forth on <u>Exhibit A</u>.

34.    As a result of each Transfer, Defendant received more than Defendant would have received if: (i) the Debtors' cases were under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code. As evidenced by the Debtors' schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, the Debtors' liabilities exceed their assets to the point that unsecured creditors will not receive a full payout of their claims from the Debtors' bankruptcy estates.

35.    In accordance with the foregoing, each Transfer is avoidable pursuant to Section 547(b) of the Bankruptcy Code.

**COUNT II**
**(Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))**

36.    Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Second Claim for Relief.

37.    To the extent one or more of the Transfers identified on Exhibit A was not made on account of an antecedent debt, was a prepayment for goods and/or services subsequently received, or was a transfer made by one Debtor without a corresponding transfer into the payment account by the Debtor incurring the debt, Plaintiff pleads in the alternative that the Debtor(s) making such transfer(s) did not receive reasonably equivalent value in exchange for such transfer(s) (the "Potentially Fraudulent Transfers"); and

A.    The Debtors were insolvent as of the date of the Transfer(s), or became insolvent as a result of the Transfer(s); or

B.    The Debtors were engaged, or about to engage, in business or a transaction for which any property remaining with the Debtors was an unreasonably small capital; or

C.    The Debtors intended to incur, or believed they would incur, debts beyond their ability to pay upon maturity.

38.    Based upon the foregoing, the Potentially Fraudulent Transfers are avoidable pursuant to section 548(a)(1)(B) of the Bankruptcy Code.

## COUNT III
### (Avoidance of Unauthorized Post-Petition Transfers – 11 U.S.C. § 549)

39.    Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Third Claim for Relief.

40.    To the extent any of the Transfer(s) identified on <u>Exhibit A</u> cleared the Disbursement Account(s) after the Petition Date and were not authorized by the Court or the Bankruptcy Code (the "<u>Post-Petition Transfers</u>"), Plaintiff pleads that such Post-Petition Transfers are avoidable pursuant to § 549.

## COUNT IV
### (Recovery of Transfers – 11 U.S.C. § 550)

41.    Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Count.

42.    Plaintiff is entitled to avoid the Transfer(s) pursuant to Section 547(b) of the Bankruptcy Code, and/or any Potentially Fraudulent Transfers pursuant to Section 548 of the Bankruptcy Code, and/or any Post-Petition Transfers pursuant to Section 549 of the Bankruptcy Code (collectively, the "<u>Avoidable Transfers</u>").

43.    Defendant was the initial transferee of the Avoidable Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfers were made.

44.    Pursuant to Section 550(a) of the Bankruptcy Code, Plaintiff is entitled to recover the Avoidable Transfers from Defendant, plus interest thereon to the date of payment and the costs of this action.

## COUNT V
### (Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))

45.    Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

46.      Defendant is a transferee of transfers avoidable under §§ 547 and/or 548 and/or 549, which property is recoverable under § 550.

47.      Defendant has not paid the amount of the Avoidable Transfers, or turned over such property, for which Defendant is liable under § 550.

48.      Pursuant to § 502(d), any and all Claims of Defendant and/or its assignee, against the Debtors' estate must be disallowed until such time as Defendant pays to the Debtors an amount equal to the aggregate amount of the Avoidable Transfers, plus interest thereon and costs.

49.      Pursuant to § 502(j), any and all Claims of Defendant, and/or its assignee, against the Debtors' estate previously allowed by the Debtors, must be reconsidered and disallowed until such time as Defendant pays to the Debtors an amount equal to the aggregate amount of the Avoidable Transfers.

## **<u>PRAYER</u>**

WHEREFORE, Plaintiff prays for entry of judgment against Defendant as follows:

A.      On the First, Second, Third, and Fourth Claims for Relief, judgment in favor of Plaintiff and against Defendant, avoiding all of the Avoidable Transfers and directing Defendant to return to Plaintiff the amount of the Avoidable Transfers, pursuant to §§ 547(b), 548 and/or 549 and 550(a), plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

B.      On Plaintiff' Fifth Claim for Relief, judgment in favor of Plaintiff and against Defendant disallowing any claims held or filed by Defendant against Plaintiff until Defendant returns the Avoidable Transfers to Plaintiff pursuant to § 502(d) and (j); and

C.      For such other and further relief as the Court deems just and proper.

1   DATED: June 25, 2025

2                                   MANATT, PHELPS & PHILLIPS, LLP
                                    SCHUYLER G. CARROLL
3                                   JACOB E. ITZKOWITZ

4                                   and

5                                   ASK LLP
                                    Kara E. Casteel
6                                   Gary D. Underdahl

7                                   By:        /s/ Kara E. Casteel

8
                                         Attorneys for Liquidating Trustee
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28